**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BOARD OF TRUSTEES, ADIRONDACK CARPENTERS PENSION FUND; BOARD OF TRUSTEES, CARPENTERS LOCAL 1042/229 HEALTH CARE FUND; and BOARD OF TRUSTEES, LOCAL 229 CARPENTERS JOINT APPRENTICESHIP TRAINING FUND,**

                                          Plaintiffs,

        v.

**HAROLD J. FRASER, Individually; and HAROLD J. FRASER d/b/a Harold Fraser Contracting, a/k/a Harold J. Fraser d/b/a Hill Top Stop,**

                                          Defendants.

1:05-CV-682
(FJS/DRH)

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **OFFICE OF EDWARD F. CRUMB, ESQ.**<br>408 Press Building<br>19 Chenango Street<br>P.O. Box 1393<br>Binghamton, New York 13902<br>Attorneys for Plaintiff | **EDWARD F. CRUMB, ESQ.** |
| **HAROLD J. FRASER**<br>St. Regis Falls, New York<br>Defendant | NO APPEARANCE |
| **HAROLD J. FRASER, d/b/a Harold Fraser Contracting, a/k/a Harold J. Fraser d/b/a Hill Top Stop**<br>1985 State Route 458<br>St. Regis Falls, New York 12980<br>Defendant | NO APPEARANCE |

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiffs assert federal claims under the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA"). Plaintiffs also assert state law claims under Article 6 of the New York Labor Law. Specifically, Plaintiffs allege that Defendants failed to pay contributions to the Adirondack Carpenters Pension Fund ("Pension Fund"), the Carpenters Local 1042/229 Health Care Fund ("Health Care Fund"), and the Local 229 Carpenters Joint Apprenticeship Training Fund ("Training Fund") in violation of a collective bargaining agreement and memorandum of understanding, in violation of 29 U.S.C. § 1145, and that Defendant Harold J. Fraser is personally liable under 29 U.S.C. § 1109 for the resulting losses and for restoring any profits he earned on the use of the assets. In addition, Plaintiffs allege that Defendants breached the collective bargaining agreement by failing to pay to the Health Care Fund as transfer agent (1) wage withholdings for Dues Check-Off, (2) contributions to the Labor Relations Section of the Champlain Valley Builders Exchange's (the "Association") Industry Advancement Fund ("IAF"), (3) contributions to the New York State Carpenters Labor Management Council ("NYSC/LMC"), and (4) contributions to the United Brotherhood of Carpenters Health & Safety Fund of North America, the United Brotherhood of Carpenters Apprenticeship and Training Fund of North America, and the Labor Managment Education and Development Fund (collectively "U.B.C. Funds").

Plaintiffs also claim that they are entitled to interest on the delinquent fund contributions pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the delinquent contributions owed to the Health

2

Care Fund as transfer agent pursuant to § 5004 of the New York Civil Practice Laws and Rules, liquidated damages under ERISA, liquidated damages pursuant to § 198(1-a) of the New York Labor Law, audit costs, attorney's fees and special costs.

Plaintiffs commenced this action on June 2, 2005, and served the complaint on Defendants on June 8, 2005. *See* Dkt. Nos. 1, 3. Defendants failed to respond to the complaint, and the Clerk of the Court entered default against them on July 28, 2005. *See* Dkt. No. 6.

Currently before the Court is Plaintiffs' motion, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for entry of a default judgment in the amount of $13,764.06.

## II. DISCUSSION

**A.      Standard of Review**

When a court enters a default judgment, it must "accept[] as true all of the factual allegations of the complaint, except for those relating to damages." *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). With respect to damages, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (U.S.A.) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Determining the amount of damages is a two-fold task. *See id.* First, the court must determine "the proper rule for calculating damages on [the] claim;" then, the court must assess the "plaintiff's evidence supporting the damages to be determined under the rule." *Id.* In calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action. . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

3

**B.     Damages**

*1. ERISA Benefit Funds*

Section 1145 of Title 29 of the United States Code provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement.

29 U.S.C. § 1145.

When a violation of § 1145 occurs, § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>> **(A)** the unpaid contributions,
>> **(B)** interest on the unpaid contributions,
>> **(C)** an amount equal to the greater of –
>>> **(i)** interest on the unpaid contributions, or
>>> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Defendants are employers obligated to make contributions to the benefit plans under the

4

collective bargaining agreement ("MOU/Master Agreement") and failed to do so. Therefore, the Court will apply the provisions of § 1132(g)(2) as the proper rule to calculate Plaintiffs' damages.

### *a. Unpaid Contributions*

Plaintiffs present evidence showing that for the period of August 2004 through December 2004, Defendants owe the following amounts: $3,724.00 to the Pension Fund, $2,812.00 to the Health Care Fund and $228.00 to the Apprenticeship Training Fund. *See* Complaint at Exhibit "B" at 2. Therefore, the Court finds that the total amount of contributions and withholdings that Defendants failed to pay to Plaintiffs for this period is **$6,764**. *See* Affidavit of Vicki Bulman, sworn to July 22, 2005 ("Bulman Aff."),[1] at ¶ 26; Complaint at Exhibit "B."

### *b. Interest*[2]

The rate provided under the Trust Agreements for the Pension Fund, the Health Care Fund and the Apprenticeship Training Fund is one and one-half percent (1.5%) per month or eighteen percent per annum. *See* Bulman Aff. at ¶¶ 28-31; Exhibit "A," at Art. 4, § 4.4(b); Exhibit "B," at Art. 4, § 4.4(b); Exhibit "C," at Art. VI § 5; Exhibit "F" at ¶ 2(a). Plaintiffs calculate that the amount of interest that Defendants owe to the Funds for the period of August 2004 through September 23, 2005, is as follows: $573.37 to the Pension Fund, *see* Interest Calculation

---

[1] Vicki Bulman is the Fund Manager for the Funds in this action. *See* Bulman Aff. at ¶ 1. She oversees the Fund Office that is responsible for collecting all employer payments owed to Plaintiffs. *See id.*

[2] Plaintiffs state that interest accrues daily at $3.34 per day after September 23, 2005. *See* Affidavit of Edward Crumb, sworn to August 22, 2005 ("Crumb Aff."), at ¶ 12.

Subworksheet at I-1; $432.96 to the Health Care Fund, *see id.* at I-2; and $35.11 to the Apprenticeship Training Fund, *see id.* at I-3.  Therefore, the Court finds that the total interest that Defendants owe to the Pension Fund, Health Care Fund and the Apprenticeship Training Fund is **$1,041.44**.  *See* Statement of Balance Due and Costs, Worksheet One.

### *c. Liquidated Damages*

Pursuant to the Trust Agreements and § 1132(g)(2), the Pension Fund, the Health Care Fund and the Training Fund are entitled to the greater of the interest on the unpaid contributions or liquidated damages of twenty percent of the unpaid contributions.  *See* Bulman Aff. at Exhibit "A," at Art. 4, § 4.4(c); Exhibit "B," at Art. 4, § 4.4(c); Exhibit "C," at Art. 6, § 5.  Plaintiffs calculated liquidated damages at twenty percent of the contributions owed.  Thus, according to Plaintiffs' calculations, Defendants owe a total of $1,352.80 in liquidated damages: $744.80 to the Pension Fund, $562.40 to the Health Care Fund, and $45.60 to the Apprenticeship Training Fund.  *See* Proration Spread Sheet; Statement of Balance Due and Bill of Costs at 2; Bulman Aff. at ¶¶ 30, 32(c); Affidavit of Edward Crumb, sworn to August 22, 2005, ("Crumb Aff."), at ¶¶ 15-16.  Therefore, because the amount of liquidated damages owed is greater than the interest owed on the contributions, the Court awards Plaintiffs liquidated damages on the contributions owed to the Funds in the amount of **$1,352.80**.[3]

---

[3] In their complaint, Plaintiffs ask for liquidated damages under Article 6 of New York Labor Law § 198(1-a) for the Funds and for amounts due to the Health Care Fund as transfer agent.  However, in their Statement of Balance Due and Bill of Costs, Plaintiffs do not include liquidated damages for the Funds under § 198(1-a); they only request amounts due to the Health Care Fund as transfer agent for Dues Check-Off.  In any event, Plaintiffs are not entitled to liquidated damages under Article 6 for the Funds because ERISA preempts Article 6 of New
(continued...)

### *2. Health Care Fund as Transfer Agent*

The remainder of the withholdings and contributions that Plaintiffs seek to collect do not fall under ERISA; however, Plaintiffs assert these claims under the Labor-Management Relations Act for breach of contract. *See* Plaintiffs' Mem. of Law at 9. The MOU/Master Agreement provides that "[f]ailure on the part of a contractor to regularly contribute to the above mentioned funds as specified here, shall make him liable for all claims filed on the above mentioned funds by his employees, plus all arrears in payment, plus all regular collection costs." *See* Complaint at Exhibit "C," at Article 13 § 5(e). The Board of Trustees for the Health Care Fund seeks to enforce the terms of the MOU/Master agreement directly for the benefit of the Union. *See* Plaintiffs' Mem. of Law at 9.

#### *a. Unpaid Contributions*

Pursuant to the MOU/Master Agreement, Plaintiffs seek unpaid wage withholdings for Dues Check-Off in the amount of $663.92, contributions to the IAF in the sum of $38.00, contributions to the NYSC/LMC in the sum of $3.80, and contributions to the U.B.C. Funds in the amount of $45.60 for the period from August 2004 through December 2004. *See* Complaint at ¶¶ 49-53; Complaint at Exhibit "B" at 2. Accordingly, the Court finds that the total amount of the unpaid contributions to the union and union funds owed to the Health Care Fund as transfer agent is **$751.32**.

---

[3](...continued)
York Labor Law. *See Carpenters Local No. 120 Pension Fund v. Calnero Constr. Inc.,* No. 96-CV-1767, 1998 WL 135226, *2 n.1 (N.D.N.Y. Mar. 6, 1998) (citing *Gilbert v. Burlington Indus., Inc.*, 765 F.2d 320, 322 (2d Cir. 1985), *aff'd* 477 U.S. 901 (1986)).

### b. Interest[4]

The MOU/Master Agreement does not give a rate at which interest should be awarded for delinquent payment of wage withholdings and contributions. *See* Bulman Aff. at ¶ 27. However, because Plaintiffs' claims for the wage withholdings and contributions under the MOU/Master Agreement sound in breach of contract, Plaintiffs are entitled to the nine percent interest rate specified under New York law. *See Mason Tenders Dist. Council Welfare Fund v. Deluccia Erectors & Scaffolding Supply, Inc.*, No. 01 Civ. 0464, 2004 WL 170588, *4 (S.D.N.Y. Jan. 29, 2004); N.Y.C.P.L.R. §§ 5001, 5004; Statement of Amount Due and Bill of Costs at 2; Worksheet 2; Subworksheet I-4 to I-7; Bulman Aff. at ¶ 27.

According to Plaintiffs' calculations, they are entitled to $50.95 interest on union dues owed, $2.93 interest on IAF Fund contributions owed, $0.31 interest on the NYSC/LMC contributions owed, and $3.51 on the U.B.C. Funds contributions owed. *See* Statement of Balance Due and Bill of Costs, at Worksheet 2; Sub-worksheet I-4 to I-7. Accordingly, the Court finds that Defendants owe interest in the amount of **$57.70** to Plaintiff Health Care Fund as transfer agent

### c. Liquidated Damages

Section 198(1-a) of New York Labor Law provides that,

> [i]n any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

---

[4] Plaintiffs state that interest accrues daily at $0.18 per day after September 23, 2005. *See* Crumb Aff. at ¶ 14.

8

N.Y. Lab. Law § 198(1-a).

"Wages include moneys payable to third parties for the benefit of the employees." *Carpenters Local No. 120 Pension Fund*, 1998 WL 135226, at *2 (citing N.Y. Labor L. §§ 190(1), 198-c(1-2) (McKinney 1986)) (finding that the plaintiffs were entitled to liquidated damages because wages include moneys paid to third parties for the benefit of employees, the employees had authorized deductions from their pay for union dues, and the employer had not denied that its failure top ay the amounts was willful).

Plaintiffs' complaint alleges that the Dues Check-Off consists of direct wages as defined under this statute because they are amounts to be actually deducted from an employee's gross pay. *See* Plaintiffs' Mem. of Law at 15; Complaint at ¶ 73. In addition, Plaintiffs argue that Defendants deprived the affected employee, a Union member, of the benefit of the wage deductions that Defendants actually made from his pay and that Defendants' failure to pay was willful. *See id.* at 16. Plaintiffs calculate that the amount due in Dues Check-Off is $663.92 and the amount of liquidated damages due is **$165.98**. *See* Statement of Amount Due and Bill of Costs at 2; Judgment Proration Spreadsheet; Bulman Aff. at ¶ 32(b).

In this case, employees authorized deductions from their pay for union dues, and Defendants have not denied that their nonpayment of these amounts was willful. Moreover, Plaintiffs offer evidence of Defendants' knowledge of their reporting obligations and procedure. *See* Bulman Aff. at ¶ 19; Exhibit "E."[5] Therefore, the Court holds that Defendants' failure to pay the Dues Check-Off was an unlawful withholding of a wage and that this failure was willful. Accordingly, the Court

---

[5] Exhibit "E" is a copy of Defendants' monthly report of carpentry employment for June 2003, which shows Dues Deductions withheld in addition to the withholdings for each of the other funds. *See* Bulman Aff. at Exhibit "E."

awards Plaintiffs **$165.98** in liquidated damages for the failure to pay Dues Check-Off.

C.     **Attorney's Fees and Costs**

Section 1132(g)(2)(D) provides that a court shall award reasonable attorney's fees and costs of the action. *See* 29 U.S.C. § 1132(g)(2)(D). In addition, New York Labor Law § 198(1-a) provides for the award of reasonable attorney's fees in an action instituted upon a wage claim by an employee or commissioner in which the employee prevails. *See* 29 U.S.C. § 1132(g)(2)(D); N.Y. Lab. L. § 198(1-a). Courts calculate attorney's fees "by multiplying the number of billable hours that the prevailing party's attorneys spend on the case by 'the hourly rate normally charged for similar work by attorneys of like skill in the area.'" *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983) (quotation omitted). "The reasonable hourly rate must be 'in line with those prevailing in the community . . . .'" *N.Y.S. Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc.*, No. 5:98CV1902, 2004 WL 437474, *2 (N.D.N.Y. Feb. 27, 2004) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). Courts have interpreted the "community" to mean the district where the court sits. *See id.* (citing *Luciano*, 109 F.3d at 115). In this case, Plaintiffs seek $175 per hour for Mr. Crumb's work and $60 per hour for his paralegal's work, *see* Crumb Aff. at ¶ 23; this Court finds these rates to be reasonable and consistent with the hourly rates charged for this type of work in this District.

In addition, parties must state, with specificity, the date, the hours expended and the nature of the work done for each attorney. *See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting [*N.Y.S. Ass'n*] *for Retarded Children, Inc.,* 711 F.2d at 1148). Contemporaneous time records are a prerequisite; however, attorneys are not required to

record in great detail how each minute of their time was spent, but hours that are "'excessive, redundant, or otherwise unnecessary' must be excluded from the calculation." *N.Y.S. Teamsters Conference*, 2004 WL 437474, at *3 (citation omitted).

Finally, an award of attorney's fees also includes reasonable out-of-pocket expenses normally charged to fee paying clients. *See id.* at *6 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)) (other citation omitted). Courts in this District have previously held that "costs associated with lodging, meals, transportation, photocopying, postage, long distance telephone charges, and facsimiles" are reasonable out-of-pocket expenses and thus recoverable. *See id.* (citing *O'Grady v. Mohawk Finishing Prods., Inc.*, No. 96-CV-1945, 1999 WL 30988 *7-*9 (N.D.N.Y. Jan. 15, 1999)). In addition, computerized legal research costs are recoverable. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 99 (2d Cir. 2004) (citations omitted).

### *1. Attorney's Fees, Expenditures and Expenses*

In his affidavit, Edward Crumb, Plaintiffs' attorney, indicates that he graduated from law school in 1980 and was admitted to practice in January of 1981. *See* Crumb Aff. at ¶ 2. Thus, Mr. Crumb has been practicing law for approximately twenty-four years. *See id.* In addition, Mr. Crumb has represented employee benefit plans and funds since 1986, and he currently represents fifteen benefit funds in collections matters. *See id.* Mr. Crumb provides an itemized statement of the legal services that he and his paralegal rendered. *See* Crumb Aff. at Exhbit "A." The statement contains the date that the attorney or paralegal performed the work, the initials of the attorney or paralegal who performed the work, a brief description of the work performed, and the amount of

11

time spent performing the work. *See id.* The work described in this statement relates to the collection action before the Court and is not excessive, redundant or otherwise unnecessary.

| Attorney/Paralegal | Rate per hour | Hours Worked | Total |
| --- | --- | --- | --- |
| Edward Crumb, Esq. | $175/hour | 13.15 | $ 2, 301.25 |
| MAS (paralegal) | $60/hour | 5.2 | $ 312.00 |
| | | | $ 2,613.25 |

Additionally, Plaintiffs request an award of costs and disbursements of the action in the amount of $459.57, $128.07 of which is part of their attorney's fees application and $331.50 of which is part of their Bill of Costs. Plaintiff's seek the following disbursements as part of their attorney's fees award: $115.68 for photocopying, $2.80 for telephone tolls, $30.35 for postage, and $19.32 for electronic research. *See* Crumb. Aff. at ¶ 25; Exhibit"B;" Statement of Amount Due and Bill of Costs at 2.[6] Additionally, as part of their Bill of Costs, Plaintiffs seek $250.00 for filing fees, $41.50 for service of process, $15.00 in transcript fees and $20.00 as a docket fee. *See* Statement of Amount Due and Bill of Costs at 2; Crumb. Aff. at ¶ 25; Exhibit "B." Although Plaintiffs are entitled to reimbursement for the first three costs, they are not entitled to the docket fee they seek because they did not incur that fee. *See* L.R. 54.1. Therefore, the Court awards Plaintiffs costs in the amount of **$306.50.**

In sum, the Court awards Plaintiffs a total amount of **$3,087.90** in attorney's fees and costs.

---

[6] Although the total of these disbursements is $168.15, Plaintiffs request a total of $128.07. This appears to be a mathematical error.

*2. Special Costs*

Section 198(1) of New York Labor Law provides that,

> [i]n any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court may allow such employee in addition to ordinary costs, a reasonable sum, not exceeding fifty dollars for expenses which may be taxed as costs. No assignee of a wage claim, except the commissioner, shall be benefited by this provision.

N.Y. Lab. L. § 198(1).

Plaintiffs state that, under § 5(b) of Article 13 of the Master Agreement, the "Plaintiff Board of Trustees for the Health Care Fund, which operates the Fund Office, is obligated to collect on the employee's behalf the amounts substantiated by audit but which Defendants have failed to pay over," and that the Master Agreement thus required the Plaintiff Board of Trustees to bring this action on the employee's behalf in an attempt to collect from Defendants the amounts they withheld from the employee's gross wages. *See* Plaintiffs' Mem. of Law at 17; Complaint at Exhibit "C," at Art. 13 § 5. Thus, Plaintiffs claim that they are entitled to $50 in special costs.[7] Plaintiffs claim that the money will reimburse the employee for his lost use of the additional amounts that he paid out-of-pocket in order to maintain his status as a member in good standing of the Union. *See id.*

Since Plaintiff Health Care Fund was required to bring the suit in an attempt to recover the amounts withheld from the employee's gross wages and it is not an assignee but a representative, the Court awards special costs in the amount of **$50** to reimburse the employee for his lost use of the additional amounts that he paid out-of-pocket to remain a member of the Union in good standing.

---

[7] Only one employee is involved.

*3. Audit Costs*[8]

Section 5(c) of Article 13 of the Master Agreement states that "trustees shall be authorized to audit the payroll of a contributing Employer who may be more than thirty (30) days delinquent in his reports at a charge of not more than $50 per day for such auditor's expense." *See* Complaint at Exhibit "C" at 7. Plaintiffs present evidence showing that the audit lasted two days. *See* Bulman Aff. at ¶¶ 22-23. Accordingly, the Court awards Plaintiffs **$100.00** in auditing fees.

## III. CONCLUSION

After carefully considering the file in this matter, the Plaintiffs' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for entry of default judgment against Defendants is **GRANTED** in the amount of **$13,371.14**, as calculated herein;[9] and the Court further

---

[8] Plaintiffs' judgment proration sheet indicates that the auditor's fees due to the Pension Fund and the Health Care Fund total $508.00; however, the MOU/Master Agreement, the Affidavits of Edward F. Crumb and Vicki Bulman, the Memorandum of Law, and the Statement of Amount Due and Bill of Costs all indicate that the amount that can be recovered for audit costs is $50 per day. *See* Judgment Proration Sheet; Crumb Aff. at ¶¶ 20-21; Bulman Aff. at ¶¶ 23, 32 (e); Plaintiffs' Mem. of Law at 18; Statement of Amount Due and Bill of Costs at 2.

[9] This award includes the following:

(1) *Contributions and Withholdings*: in the amount of **$7,515.32** (Pension Fund: $3,724.00; Health Care Fund: $2,812.00; Training Fund: $228.00; Health Care Fund as Transfer Agent: 751.32; Dues Check-Off: $663.92; IAF Fund: $38.00; NYSC/LMC $3.80; U.B.C. Funds $45.60).

(2) *Interest* in the amount of **$1,041.44** on contributions owed to the **Pension Fund, Health Care Fund and Training Fund**. (Pension Fund: $573.37; Health Care Fund:

(continued...)

**ORDERS** that the Clerk of the Court enter judgment in favor of Plaintiffs and close this case.

**IT IS SO ORDERED.**

Dated: February 14, 2006
  Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Chief United States District Court Judge

---

⁹(...continued)
$432.96; Training Fund: $35.11)

(3) *Interest* in the amount of **$57.70** related to the wage deductions for Union Dues Check-Off and contributions to the Health Care Fund as transfer agent for the Champlain Valley IAF Fund, NYSC/LMC, and the U.B.C. Funds. (Union Dues Check-Off: $50.95; IAF Fund: $2.93; NYSC/LMC $0.31; U.B.C. Funds: $3.51).

(4) *Liquidated Damages* to the Pension Fund, the Health Care Fund and the Training Fund in the amount of **$1,352.80**. (Pension Fund: $744.80; Health Care Fund: $562.40; Training Fund: $45.60).

(5) *Liquidated Damages* in the amount of **$165.98** to the Health Care Fund in its capacity as transfer agent to Successor Local Union No. 1042 as to wage deductions for Union Dues Check-Off.

(6) *Attorney's Fees* in the amount of **$2,781.40**.

(7) *Bill of Costs* in the amount of **$306.50**.

(8) *Special Costs* in the amount of **$50.00** to the Health Care Fund as Transfer Agent related to the wage withholdings for Union Dues Check-Off.

(9) *Auditor's Fees* in the amount of **$100.00** to the Pension Fund and the Health Care Fund.